IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Miguel Gonzalez, <br><br> Plaintiff, <br><br> v. <br><br> Dr. Merrill Zahtz, and Wexford Health Sources, Inc., <br><br> Defendants. | Case No. 3:21-cv-50102 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Miguel Gonzalez brings this suit under 42 U.S.C. § 1983 against Dr. Merrill Zahtz and Wexford Health Sources, Inc. ("Wexford") for what he sees as constitutionally inadequate medical care in violation of his Eighth Amendment rights. Dr. Zahtz answered Gonzalez' second-amended complaint. Dkt. 42. Wexford, however, moves the Court to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, that motion [41] is denied.

**I.  Background**

In early 2017, Plaintiff Miguel Gonzalez, an inmate at Dixon Correctional Center, began complaining of instability and pain in his left knee.[1] On May 24, 2017, after undergoing x-rays and an MRI, Gonzalez was diagnosed with a torn ACL and a torn meniscus. A week later, Dr. Matthew Marcus scheduled Gonzalez

---

[1] The factual allegations recited here are taken from Gonzalez's second-amended complaint. Dkt. 39.

1

for surgery to repair the tears.[2] The surgery was supposed to happen on June 12, 2017. Instead, the surgery was rescheduled for July 6, 2017. Although Gonzalez was never taken to that surgical appointment, he was taken to the post-operation appointment a week later, which had never been cancelled.

Fast forward to November 2017. Gonzalez still had not received the surgery. On November 15, he complained again of severe knee pain and asked when his surgery would occur. He was told the surgery was pending and that he wouldn't need to see the doctor again until after the surgery had been completed. Notwithstanding the pending status, Gonzalez alleges that a nurse told him that Wexford did not plan to do anything for the knee as long as he could walk on it. Five days later, he again complained of knee pain and told the nurses that his pain was between a seven and eight on a ten-point scale. When squatting down to pick up an item on November 26, 2022, Gonzalez experienced excruciating pain.

Fast forward to April 2018, more than a year after Gonzalez first reported knee pain. Gonzalez was still experiencing debilitating knee pain but had still not received knee surgery. Instead, he was scheduled to begin physical therapy on May 15, 2018. On May 30, 2018, he complained that he was experiencing serious pain in both knees. The right knee had started to become a problem because of overcompensation from the left knee injury. The nurses' prediction then seemed to come true. Although Gonzalez had been approved for surgery, it was later deemed

---

[2] Dr. Marcus is not a defendant in this action.

2

to be elective. Because the surgery was not considered medically necessary, it did not happen.

On November 6, 2018, Gonzalez met with Dr. Merrill Zahtz and again complained about the chronic pain he was suffering. He told Dr. Zahtz that the surgery had previously been approved and scheduled, and he asked Dr. Zahtz when it would be rescheduled. Three weeks later, at a follow-up visit, Dr. Zahtz informed Gonzalez that the surgery was elective. Dr. Zahtz had apparently met with Dr. Ritz through the Wexford collegial review process, wherein the "elective" status of the knee surgery was reaffirmed.[3] For clarity, "collegial review is Wexford's internal process within the corporate office to discuss and approve certain medical requests by onsite doctors on behalf of inmates." *Wagner v. Wexford Health Sources, Inc.*, No. 3:22-cv-50080, 2022 U.S. Dist. LEXIS 73095, at *2 (N.D. Ill. April 21, 2022).

Gonzalez' complaints of chronic pain continued through the spring and summer of 2019. Then in July 2019, Gonzalez was again told that he would not receive the surgery due to a decision made in collegial review. A week later, Gonzalez again requested that Dr. Zahtz provide the surgery. In response, Dr. Zahtz explained that his supervisors would not approve the surgery and that Gonzalez should instead focus on physical therapy. Notwithstanding this instruction, Gonzalez alleges that he was already going to physical therapy and that the physical therapist told Gonzalez that physical therapy alone would not resolve

---

[3] Though not further explained by the allegations, Gonzalez alleges that he was denied access to Dr. Zahtz on January 31, 2019.

his knee issues or his resulting pain. According to the physical therapist, he needed surgery.

Gonzalez continued to complain about the knee pain, and that the pain medication he was receiving was not effective enough to relieve his chronic pain. In June 2020, Gonzalez suffered an injury to his right knee after his left knee gave out. In this incident, Gonzalez fell and struck a toilet seat. In response, the nursing staff told him to continue taking acetaminophen, which had proven ineffective at treating Gonzalez' pain. After another complaint on July 2, 2020, Dr. Fior gave Gonzalez a pain-relieving injection in his right knee.[4] Notwithstanding the injection, Gonzalez again saw Dr. Fior regarding knee pain on July 8 and 23, 2020.

By January 2021, Gonzalez developed hip pain, which he contends was caused by an unsteady gait due to his knee issues. On February 2, 2021, Gonzalez' physical therapist told him his left knee was unstable and that she couldn't understand why he had not received the surgery. Gonzalez further alleges that the physical therapist opined that his right knee and hip issues were caused by overcompensation from the left knee ACL and meniscus tear that were never repaired. Throughout this time, Gonzalez alleges that he consistently told Wexford, through its on-site medical staff, that he was experiencing excruciating and chronic pain. He alleges that he told them the minimal pain medication was not working. Citing an alleged report by Dr. John Raba, Gonzalez alleges that Wexford's decision to deny access to the surgery was done to save money.

---

[4] Dr. Fior is not a defendant in this action.

4

On these allegations, Gonzalez contends that Wexford maintained a policy or custom of cost cutting through the collegial review process, which resulted in Gonzalez being denied access to the previously approved knee surgery. He contends that Wexford's policies or customs result in inmates being denied medically necessary surgery or effective pain killers to deal with the resulting chronic pain.

## II. Analysis

Under Rule 8, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "But the proper question to ask is still 'could these things have happened, not did they happen.'" *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010) (emphasis in original)). Importantly, on a motion to dismiss, the defendant bears of the burden of establishing the insufficiency of the complaint's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

Claims of constitutionally inadequate medical care by inmates serving prison sentences are governed by the Eighth Amendment. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). To state a claim of inadequate medical care under the Eighth Amendment, an inmate must allege (1) an objectively serious medical condition, and (2) that the defendant was deliberate indifferent to that serious condition. *Id.* "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Because Gonzalez brings suit against Wexford itself, the claim must arise under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) as a private company acting under color of state law. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016).

Under *Monell*, liability may lie in three circumstances: (1) the defendant employs an express policy that causes the constitutional injury, (2) the defendant has established a widespread practice that is so well settled that it constitutes a custom or usage, or (3) the defendant has final policymaking authority and has caused the constitutional injury. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Wexford contends that Gonzalez has failed to allege an express policy or widespread custom existed or that it "factored into his medical treatment." *Id.* at 4–5. Wexford further contends that Gonzalez' allegations are contradictory to his claim because they establish that he was receiving some medical treatment— some pain medication and specialist visits. *Id.* at 5–6. Furthermore, Wexford contends the decision to deny knee surgery as elective shows that Wexford's

6

physicians made a medical judgment, and thus did not violate Gonzalez' constitutional rights.

At this stage, Gonzalez has alleged enough to plausibly state a *Monell* claim. Contrary to Wexford's argument, he has alleged a widespread practice or custom of denying medical treatment in a way that is deliberately indifferent to a serious medical issue—significant pain. Gonzalez has alleged that Wexford doctors at Dixon Correctional Center lack the authority to approve the requested procedures; here, a knee surgery post ACL and meniscus tear. Instead, that decision is made by Wexford's corporate doctors through the internal collegiate review process. The Wexford collegiate review process is not facially unconstitutional, though it could be used as "a mechanism for denying or delaying medical care that inmates need." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 659 (7th Cir. 2021). Gonzalez points to a recent study, which he alleges shows that Wexford conducts this review as a way to save money by denying necessary treatment. Gonzalez further alleges that his surgery, which was previously approved, was denied by the collegial review process. This denial occurred although Gonzalez was in significant pain from the lack of the surgery and although his physical therapist told him that the issue would not be resolved through physical therapy alone.

Contrary to Wexford's argument, these allegations sufficiently allege the existence of a widespread custom or practice that was the moving force behind Gonzalez' allegedly inadequate medical care. Wexford points to the allegation that the denial was made because the surgery was classified as elective, but that does

7

not help Wexford. The reasonable inference is that Wexford has a practice of categorically denying medical treatment to inmates because the treatment is considered elective, even if the denial of the treatment causes the inmate significant pain. Indeed, if the reason for denying the surgery was because it was elective, then that reasonably implies that most if not virtually all elective procedures are denied as not absolutely necessary even if the inmate suffers extreme pain as a result. And although legitimate medical decisions do not amount to deliberate indifference, the failure to treat "pain *can* be an Eighth Amendment violation, of course, even if it is a matter of only minutes or hours." *Howell*, 987 F.3d at 661. Finally, Wexford's argument that it provided *some* medical care is unavailing. Providing some treatment does not automatically defeat a claim of indifference, which may occur when the defendant inappropriately denies or delays for nonmedical reasons and thereby causes the plaintiff to suffer pain. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015). Thus, at this stage, Wexford has failed to establish the insufficiency of Gonzalez' allegations.

### III. Conclusion

For the reasons explained above, Wexford's motion to dismiss Gonzalez' *Monell* claim is denied.

Date: June 16, 2022

_____
Honorable Iain D. Johnston
United States District Judge